JOHN H. JONES, Plaintiff, v. DAVID MOULD, Judge of the Fourth Judicial District of Iowa, Defendant.

**Intoxicating liquors:** CONTEMPT: FAILURE TO FILE LIST OF EMPLOYÉS. The statute requiring a saloonkeeper to file with the county auditor a list of persons employed about his place will be strictly construed, when considered in connection with contempt proceedings for failure to comply therewith; so that if he has no employés he is not guilty of violating the law by failing to file a statement of that fact: it is only when he employs persons that a list of their names must be so filed.

WEDNESDAY, JUNE 10, 1908.

CERTIORARI proceedings to review the action of the defendant judge in adjudging plaintiff guilty of contempt in violating an injunction.— Judgment *annulled*.

*Geo. G. Yeaman* and *Charles A Dickson*, for plaintiff.

No appearance for defendant.

DEEMER, J.— April 10, 1907, plaintiff was enjoined by the district court of the fourth judicial district from sell-

ing liquor unlawfully. Some time thereafter plaintiff in the injunction suit filed an information against plaintiff herein, charging that on various days after April 10, and down to June 25, 1907, he (plaintiff) sold and offered for sale in a saloon kept by him intoxicating liquors contrary to law and in violation of the writ of injunction. Defendant answered this information by what, in substance, was a general denial. Issue being thus joined, the case was tried to the court, resulting in a finding that plaintiff was guilty of contempt, in that he failed to file a list of his employés in the saloon, as required by section 2448 of the Code, which is a part of the so-called " Mulct Law."

This proceeding is to review that finding; and while it is admitted that plaintiff did not file a list of employés until May 16, 1907, after the injunction was granted, it is strenuously argued that there is no showing that plaintiff had any employés before that date, and therefore no proof that he violated the section quoted. The trial court was of opinion that the statement must be filed in any event, and that, if plaintiff had no employés during the time in question, it was his duty to file a statement so showing, and that, unless he did so, he was not free from the penalties of the law. The point for our decision is a narrow one. It has already been suggested, and it need only be stated, that plaintiff did not file the list of employés until May 16th, and that there is no proof that he had any before that date. Paragraph 4 of section 2448 before referred to among other things provides that the person operating a saloon must file with the county auditor a list of names of all persons employed about the place, and that no person shall be allowed behind the bar except those whose names are so listed. The same section provides that he must file other statements or lists; for instance, one from all resident freeholders owning property within fifty feet of the building where the business is to be carried on. As there is no showing that plaintiff had any employés during the time in question, we have the single in-

quiry, was it necessary for him to file a list or statement showing that fact? The statute involved must, for the purpose of this inquiry, receive a strict construction, for the contempt proceeding was quasi-criminal in its nature, and nothing should be left to intendment unless it is manifest from the language used, construed according to the usual canons of construction, that the Legislature, not only intended to, but did in fact, make such requirement. What is it, then, that the saloon keeper must file? The statute says a list of the names of all persons employed about the place. If there were no such persons, it would be impossible to file a list of names; and the statute does not say that he must file anything except a list of such names. There would be some room for argument perhaps if the statute had required the filing of a list showing the names of all persons, etc.; but it does not say that. It says a list of names of all persons employed about the place. If there were none, it would be impossible to make such a list. The trial court evidently thought that if there were no such persons the plaintiff should have filed a statement showing that fact. But the statute does not so provide either expressly or by necessary implication. The statute requires a statement of consent from property owners within fifty feet of the saloon. Suppose there were no such owners, would it be incumbent on the saloon keeper to file a statement showing that there were none? Manifestly, no. Looking to the entire section of the Code under consideration, we are constrained to hold that the trial court was in error in adjudging plaintiff guilty of contempt because of his failure to file a statement showing that he had no employés.

The judgment finding plaintiff guilty should be, and it is, *annulled*.